(No. 5456. May 20, 1930.)

ALVIN DENMAN, Receiver; EAST IDAHO GAS COM-
PANY, a Corporation, Respondent, v. CITY OF
IDAHO FALLS, a Municipal Corporation, Appellant.

[288 Pac. 892.]

Ralph L. Albaugh, for Appellant.

Alvin Denman and E. A. Owen, for Respondent.

BUDGE, J.—We are of the opinion there is no merit in the motion to dismiss the appeal, and the same is therefore denied.

On August 31, 1926, respondent was appointed receiver of the East Idaho Gas Company. On February 7, 1928, the receiver was without funds to pay the wages of employees of the Gas Company and they quit their work. The mayor of appellant city called at the office of the receiver and called his attention to the fact that two or three hundred patrons of the company were without gas and it was imperative they be served. The receiver informed the mayor in effect that the employees at the plant had struck and he was making arrangements to have men come from Pocatello to operate the plant. As a result of this conversation and pending arrival of the men from Pocatello the mayor made arrangements with the former employees to resume work at the plant and furnish gas to the many users. The receiver did not secure men from Pocatello to take the place of the employees who had struck. On February 10th the mayor again called at the office of the receiver and as a result of this visit the employees at the plant continued to work during the balance of the month of February and up until March 1st, and were paid by the city at the same rate theretofore paid by the respondent receiver. The total amount paid out to these employees from February 7th to March 1st was $182.40. The respondent collected from the users of gas the amounts due for the month of February, 1928. On March 1st the receiver leased the gas plant to the city for a period of sixty days, the city agreeing to pay a total rental of one-sixth of the 1928 taxes, amounting to $167.58.

This action was brought by respondent in his official capacity as receiver against the appellant city to recover $167.58, the amount agreed to be paid by the city as rental for the gas plant for the sixty-day period. Appellant city set up two counterclaims against the amount sought to be recovered by respondent; first, the amount of wages paid the employees at the gas plant; second, the sum charged by it for electric current furnished the Gas Company, to which reference will be hereinafter made. The cause was tried to the court and jury. At the conclusion of the

evidence offered by appellant in support of its counter-
claims the court, upon motion of respondent, instructed the
jury to return a verdict in favor of respondent and assess
his damages in the sum of $171.58, together with costs.
This appeal is prosecuted from the judgment entered on the
verdict.

No direct evidence was offered on behalf of respond-
ent in opposition to the proof introduced by appellant in
support of its counterclaims. Respondent was content to
rest his case upon the theory that the mayor of appellant
municipality was not authorized to enter into an agreement
whereby he could bind the municipality to pay the workmen,
and that the payment of their wages by the municipality was
an illegal payment without authority of law and did not
constitute a counterclaim or set-off as against respondent's
claim under the lease. We think it must be conceded that
respondent at the time the employees ceased work was un-
able to pay them and they quit for that reason; that be-
tween two and three hundred users of gas were without
service. It is also established that during the month of
February, when the men were paid by appellant municipal-
ity to operate the gas plant, the respondent received the en-
tire income for that month from the furnishing of gas to
consumers, amounting to some $750. To our minds the
evidence does not sustain the contention that appellant
municipality assumed responsibility for and took over the
operation of the gas plant during this period. In such a
situation can it be said the municipality is afforded no
relief; that respondent may have the benefit of the pay-
ment to him as receiver of $750 at an expense to the city
of $182.40; that by reason of some technical rule the door
to justice will be closed to the municipality and it sent
hence? We think not.

It is urged by respondent receiver that he was without
authority to enter into an arrangement with the mayor of
the city that the employees of the plant be paid by the
municipality, the latter to be reimbursed by the receiver.
The respondent having received the full income from the

operation of the plant while the employees were being paid by the municipality should not be permitted to defeat a recovery on the part of the municipality for its outlay. In equity and good conscience appellant should be reimbursed.

Appellant municipality owns and operates an electric light plant. During the months of January and February, 1928, it sold and delivered at the gas plant, and during the month of March sold and delivered to the office of the Gas Company, electric current amounting to $90.05. Of this amount respondent was credited with the payment of $30. Respondent confessed judgment in favor of the city for $28.35, due for electric current furnished prior to February 1, 1928. As to the amount of $60.05, appellant clearly made out a *prima facie* case, and the court erred in directing a verdict against appellant for such amount.

From what has been said it follows that the judgment must be reversed and the cause remanded, with instructions to the trial court to allow appellant's counterclaims and enter judgment accordingly. Costs to appellant.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.